## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORTH RISES | ) |
| | ) |
| *and* | ) |
| | ) |
| AMERICAN OVERSIGHT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 20-cv-1876 |
| | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) |
| | ) |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) |
| | ) |
| *and* | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| | ) |
| *Defendants*. | ) |

## COMPLAINT

1.    Plaintiffs bring this action against the U.S. Department of Homeland Security,

U.S. Immigration and Customs Enforcement, and the U.S. Department of Justice under the

Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28

U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with

the requirements of FOIA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) as Plaintiff Worth Rises is located at 168 Canal Street, New York, New York within the Southern District of New York.

4.      Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, Plaintiffs are deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5.      Plaintiff Worth Rises is a non-profit organization located in New York, New York dedicated to dismantling the prison industrial complex and ending the exploitation of those it touches. Worth Rises uses its research and information it gathers to create detailed reports that educate the public regarding businesses and corporate interests that profit from the incarceration and detention of people from marginalized communities.

6.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media.

7.      Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government and an agency of the federal government within the

2

meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of the records Plaintiffs seek.

8.      Defendant U.S. Immigration and Customs Enforcement (ICE) is a component of DHS and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession, custody, and control of the records Plaintiffs seek.

9.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ which receives and processes FOIA requests on behalf of the Office of the Attorney General (OAG), the Office of the Deputy Attorney General (ODAG), and the Office of Legislative Affairs (OLA). The Bureau of Prisons (BOP) and Office of Justice Programs (OJP) are components of DOJ and process FOIA requests on their own behalf. DOJ has possession, custody, and control of the records Plaintiffs seek.

## STATEMENT OF FACTS

### *DHS External Communications FOIA*

10.     On July 23, 2019, Worth Rises and American Oversight jointly submitted a FOIA request to DHS for the following:

> All email communications (emails, email attachments, and calendar invitations) between (1) political appointees* in the offices specified below and (2) the following entities:
>
> a.   Correct Care Solutions (@correctcaresolutions.com),
> b.   Wellpath (@wellpath.us, @higcapital.com),
> c.   Correctional Medical Group Companies (CMGC) (@cmgcos.com),
> d.   Armor Correctional Health (@armorcorrectional.com),
> e.   Corizon (@corizonhealth.com),
> f.   Wexford Health Sources (@wexfordhealth.com),
> g.   NaphCare (@naphcare.com),

3

   h.  Centene Corporation (@centene.com),
   i.   CoreCivic (@cca.com @corecivic.com),
   j.   G4S (@G4S.com),
   k.  Akima Global Services (@akima.com),
   l.   Management and Training Corporation (@mtctrains.com),
   m. Navigators Global (@navigatorsglobal.com),
   n.  Brownstein Hyatt Farber Schreck, LLP (@bhfs.com),
   o.  GEO Group (@geogroup.com),
   p.  Talton Communications (@talton.com),
   q.  Telmate (@telmate.com),
   r.   Global Tel Link (@gtl.net),
   s.   Securus Technologies (@securustechnologies.com),
   t.   CenturyLink (@CenturyLink.com),
   u.  Legacy Inmate (@legacyinmate.com),
   v.   PayTel(@paytel.com),
   w. BI Incorporated (@Bi.com),
   x.  Attenti (@attentigroup.com),
   y.  Avalon (@avaloncorrections.net),
   z.   Libre By Nexus (@librebynexus.com, @pintausa.com),
  aa. PTS of America (@prisonertransport.net),
  bb. Valley Metro Security (@valleymetro.org),
  cc. TransCor (@TransCor.com),
  dd. Bradley Arant Boult Cummings LLP (@bradley.com)
      (including any communications with Paul Kavinoky) or
  ee. Ballard Partners (@ballardfl.com) (including any
      communications with David Stewart).

American Oversight and Worth Rises request that DHS produce responsive communications from political appointees in the offices below:

   a.  The Office of the Secretary
   b.  Office of Strategy, Policy, and Plans
   c.  The Office of Legislative Affairs
   d.  The Office of the General Counsel

Please provide all responsive records from January 20, 2017 to the date the search is conducted.

"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a non-career SES, any Schedule C employees, or any persons hired under Temporary Non-Career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

11. On August 8, 2019, DHS acknowledged this request and assigned it tracking number 2019-HQFO-01057.

12. Plaintiffs have not received any further communication from DHS regarding this request.

*ICE External Communications FOIA*

13. Also on July 23, 2019, Worth Rises and American Oversight jointly submitted a FOIA request to ICE for the following:

> All email communications (emails, email attachments, and calendar invitations) between (1) political appointees* in the offices specified below and (2) the following entities:
>
> a. Correct Care Solutions (@correctcaresolutions.com),
> b. Wellpath (@wellpath.us, @higcapital.com),
> c. Correctional Medical Group Companies (CMGC) (@cmgcos.com),
> d. Armor Correctional Health (@armorcorrectional.com),
> e. Corizon (@corizonhealth.com),
> f. Wexford Health Sources (@wexfordhealth.com),
> g. NaphCare (@naphcare.com),
> h. Centene Corporation (@centene.com),
> i. CoreCivic (@cca.com @corecivic.com),
> j. G4S (@G4S.com),
> k. Akima Global Services (@akima.com),
> l. Management and Training Corporation (@mtctrains.com),
> m. Navigators Global (@navigatorsglobal.com),
> n. Brownstein Hyatt Farber Schreck, LLP (@bhfs.com),
> o. GEO Group (@geogroup.com),
> p. Talton Communications (@talton.com),
> q. Telmate (@telmate.com),
> r. Global Tel Link (@gtl.net),
> s. Securus Technologies (@securustechnologies.com),
> t. CenturyLink (@CenturyLink.com),
> u. Legacy Inmate (@legacyinmate.com),
> v. PayTel(@paytel.com),
> w. BI Incorporated (@Bi.com),
> x. Attenti (@attentigroup.com),
> y. Avalon (@avaloncorrections.net),
> z. Libre By Nexus (@librebynexus.com, @pintausa.com),
> aa. PTS of America (@prisonertransport.net),

    bb. Valley Metro Security (@valleymetro.org),
    cc. TransCor (@TransCor.com),
    dd. Bradley Arant Boult Cummings LLP (@bradley.com) (including any communications with Paul Kavinoky) or
    ee. Ballard Partners (@ballardfl.com) (including any communications with David Stewart).

American Oversight and Worth Rises request responsive records from the offices specified below:

    a.  Office of Director
    b.  Office of Deputy Director
    c.  ICE Health Service Corps
    d.  Office of Detention Oversight
    e.  Custody Management Office
    f.  Detention Management Division
    g.  Detention Planning and Acquisitions
    h.  Detention Monitoring Unit
    i.  Detention Standards Compliance Unit
    j.  Office of Acquisitions Management

Please provide all responsive records from January 20, 2017 to the date the search is conducted.

If an office has neither political appointees nor Career SES, please produce responsive communications from the leadership of the office.

*"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a non-career SES, any Schedule C employees, or any persons hired under Temporary Non-Career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

14.     On August 1, 2019, ICE acknowledged receipt of this request and assigned the

request tracking number 2019-ICFO-50013.

15.     ICE's August 1, 2019 acknowledgement letter left an apparent template for a

description of this request labeled "[REQUESTDESCRIPTION]," and stated, with language that

also appears to be from a template letter that the agency determined the request was "too broad

in scope, did not specifically identify the records [it] was seeking, *or* only posed questions to the agency," (emphasis added) and requested the "subjects of e-mails" that the request was seeking.

16.     Plaintiffs responded to ICE by email the same day explaining that the request did reasonably describe the requested records and offering to discuss the request with ICE.

17.     Plaintiffs have not received any further communication from ICE regarding this request.

*ICE Talton Ownership FOIA*

18.     Also on July 23, 2019, Worth Rises and American Oversight jointly submitted a FOIA request to ICE for the following:

> Records sufficient to identify all corporations, companies, or other entities with ownership interests in ICE contractor Talton Communications, Inc,[1] or other corporate affiliates of Talton Communications, Inc. disclosed to ICE. Any records Talton Communications Inc. has provided to ICE regarding its corporate structure or ownership would be responsive to this request.
>
> Please provide all responsive records from January 1, 2015, to the date the search is conducted.

19.     On August 5, 2019, ICE acknowledged this request and assigned the request tracking number 2019-ICFO-50500.

20.     Plaintiffs have not received any further communication from ICE regarding this request.

---

[1] *See, e.g.*, Contract Summary, USASPENDING.gov, Talton Communications, Inc., Dep't of Homeland Security, Immigration and Customs Enforcement,
Solicitation ID, HSCEDM-09-R-00009, https://www.usaspending.gov/#/award/23820617;
Contract Summary, USASPENDING.gov, Talton Communications, Inc., Dep't of Homeland Security, Immigration and Customs Enforcement,
https://www.usaspending.gov/#/award/67674691.

*DOJ External Communications FOIA*

21.     Also on July 23, 2019, Worth Rises and American Oversight jointly submitted a

FOIA request to DOJ (to both OIP and BOP) for the following:

> All records reflecting communications (including emails, email
> attachments, text messages, messages on messaging platforms (such
> as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp),
> telephone call logs, calendar invitations, calendar entries, meeting
> notices, meeting agendas, talking points, any handwritten or
> electronic notes taken during any oral communications, summaries
> of any oral communications, or other materials reflecting
> communications) between (1) the DOJ and Bureau of Prisons (BOP)
> officials and employees specified below and (2) the following
> entities:
>
> a.  Correct Care Solutions (@correctcaresolutions.com),
> b.  Wellpath (@wellpath.us, @higcapital.com),
> c.  Correctional Medical Group Companies (CMGC)
>     (@cmgcos.com),
> d.  Armor Correctional Health (@armorcorrectional.com),
> e.  Corizon (@corizonhealth.com),
> f.  Wexford Health Sources (@wexfordhealth.com),
> g.  NaphCare (@naphcare.com),
> h.  Centene Corporation (@centene.com),
> i.  CoreCivic (@cca.com @corecivic.com),
> j.  G4S (@G4S.com),
> k.  Akima Global Services (@akima.com),
> l.  Management and Training Corporation (@mtctrains.com),
> m.  Navigators Global (@navigatorsglobal.com),
> n.  Brownstein Hyatt Farber Schreck, LLP (@bhfs.com),
> o.  GEO Group (@geogroup.com),
> p.  Talton Communications (@talton.com),
> q.  Telmate (@telmate.com),
> r.  Global Tel Link (@gtl.net),
> s.  Securus Technologies (@securustechnologies.com),
> t.  CenturyLink (@CenturyLink.com),
> u.  Legacy Inmate (@legacyinmate.com),
> v.  PayTel(@paytel.com),
> w.  BI Incorporated (@Bi.com),
> x.  Attenti (@attentigroup.com),
> y.  Avalon (@avaloncorrections.net),
> z.  Libre By Nexus (@librebynexus.com, @pintausa.com),
> aa. PTS of America (@prisonertransport.net),
> bb. Valley Metro Security (@valleymetro.org),

cc. TransCor (@TransCor.com),
dd. Bradley Arant Boult Cummings LLP (@bradley.com) (including any communications with Paul Kavinoky) or
ee. Ballard Partners (@ballardfl.com) (including any communications with David Stewart).

American Oversight and Worth Rises request that DOJ and BOP produce responsive records reflecting communications for the officials and employees specified below:

a. All political appointees* and career Senior Executive Service members at the Bureau of Prisons headquarters
b. Attorney General Jeff Sessions
c. Attorney General Bill Barr
d. Former Acting Attorney General, Chief of Staff Matthew G. Whitaker
e. Chief of Staff and Counselor Brian Rabbitt
f. Chief of Staff Gary Barnett
g. Senior Counselor to the Attorney General Gene Hamilton
h. Senior Counselor to the US Attorney General Danielle Cutrona
i. Counselor to the Attorney General Rachael Tucker
j. Deputy Attorney General Rosenstein
k. Principal Deputy Assistant Attorney General Matt M. Dummermuth
l. Principal Associate Deputy Attorney General Ed O'Callaghan
m. Associate Deputy Attorney General G. Zachary Terwilliger
n. Former Principal Assistant Attorney General and Principal Deputy Assistant Attorney General Alan Hanson
o. Office of Legislative Affairs Deputy Assistant Attorney General Stephen E. Boyd
p. Office of Legislative Affairs Attorney Advisor Hunter Brown
q. Office of Legislative Affairs Chief of Staff Mary Blanche Hanke
r. Counsel Lindsay Pickell

Please provide all responsive records from January 20, 2017 to the date the search is conducted.

"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a non-career SES, any Schedule C employees, or any persons hired under Temporary Non-Career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

9

22.     By letter dated July 23, 2019, BOP acknowledged this request and assigned the request tracking number 2019-05253.

23.     By letter dated August 19, 2019, OIP acknowledged this request and assigned the request tracking number DOJ-2019-006049.

24.     By letter dated August 21, 2019, OJP informed Plaintiffs that OIP had forwarded the request to OJP on August 20, 2019.

25.     Plaintiffs have not received any further communication from DOJ regarding this request.

*Exhaustion of Administrative Remedies*

26.     As of the date of this complaint, Defendants have failed to (a) notify Plaintiffs of any determination regarding their FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

27.     Through Defendants' failure to respond to Plaintiffs' FOIA requests within the time period required by law, Plaintiffs have constructively exhausted their administrative remedies and seek immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

28.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

29.     Plaintiffs properly requested records within the possession, custody, and control of Defendants.

30.     Defendants are agencies and a component thereof subject to FOIA and must therefore make reasonable efforts to search for requested records.

31.     Defendants failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiffs' FOIA requests.

32.     Defendants' failure to conduct an adequate search for responsive records violates FOIA and agency regulations.

33.     Plaintiffs are therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Plaintiffs' FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

34.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

35.     Plaintiffs properly requested records within the possession, custody, and control of Defendants.

36.     Defendants are agencies and a component thereof subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

37.     Defendants are wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to produce non-exempt records responsive to their FOIA requests.

38.     Defendants are wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA requests.

11

39.     Defendants' failure to provide all non-exempt responsive records violates FOIA and agency regulations.

40.     Plaintiffs are therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to Plaintiffs' FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs respectfully request the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA requests;

(4) Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated:  March 3, 2020                              Respectfully submitted,

                                                   */s/ Daniel A. McGrath*
                                                   Daniel A. McGrath
                                                   Austin R. Evers

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiffs*