Geoffrey S. Berman
United States Attorney for the
Southern District of New York
By: Kirti Vaidya Reddy
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2751
E-mail: Kirti.reddy@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORTH RISES and AMERICAN OVERSIGHT,<br><br>Plaintiffs,<br><br>-v-<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF JUSTICE,<br><br>Defendants. | 20 Civ. 1876 (AT)<br><br>**ANSWER** |

Defendants U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Justice ("DOJ") (collectively, "Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answers the complaint ("Complaint") under the Freedom of Information Act ("FOIA") of Worth Rises and American Oversight ("Plaintiffs") upon information and belief as follows:

1. Paragraph 1 of the Complaint consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants admit that this action is being brought under the FOIA, 5 U.S.C. § 552 *et seq*., and the Declaratory Judgment

Act, 28 U.S.C. §§ 2201 and 2202, but denies avers that declaratory relief is not available under FOIA.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint asserts legal conclusions, to which no response is required.

3. Paragraph 3 of the Complaint asserts legal conclusions, to which no response is required, except denies the location of Worth Rises for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4. Paragraph 4 of the Complaint asserts legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

## PARTIES

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6 of the Complaint.

7. Defendant DHS admits the allegation in the first sentence of paragraph 7 that it is a department of the executive branch of the U.S. government, but denies the remainder of the sentence. The second sentence in this paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies. This paragraph does not contain allegations relating to Defendants ICE and DOJ, and as such, no response is required by them.

8. Defendant ICE admits the first sentence in paragraph 8. The second sentence in this paragraph consists of a legal conclusion, to which no response is required. To the extent a

response is required, Defendant denies. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

9. Defendant DOJ admits the first three sentences in paragraph 9. The last sentence in this paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies.

Statement of Facts

10. The allegations in paragraph 10 consists of Plaintiffs' characterization of its FOIA request, to which no response is required. To the extent that a response is required, Defendant DHS admits that it received a FOIA request from Plaintiffs dated July 23, 2019, and respectfully refers the Court to that FOIA request for a complete and accurate description of its contents. This paragraph does not contain allegations relating to Defendants ICE and DOJ, and as such, no response is required by them.

11. Defendant DHS admits that it acknowledged receipt of Plaintiffs' FOIA request by letter dated August 8, 2019, and respectfully refers the Court to that letter for a complete and accurate statement of its contents. This paragraph does not contain allegations relating to Defendants ICE and DOJ, and as such, no response is required by them.

12. Defendant DHS admits the allegations asserted in paragraph 12. This paragraph does not contain allegations relating to Defendants ICE and DOJ, and as such, no response is required by them.

*ICE External Communications FOIA*

13. The allegations in paragraph 13 consists of Plaintiffs' characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant ICE admits that it received a FOIA request from Plaintiffs dated July 23, 2019, and respectfully

refers the Court to the FOIA request for a full and accurate statement of its contents. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

14. Defendant ICE admits that it acknowledged receipt of Plaintiffs' FOIA request by letter dated August 1, 2019, and respectfully refers the Court to that letter for a complete and accurate statement of its contents. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

15. Defendant ICE admits the allegation asserted in paragraph 15 that it sent a letter to plaintiff, dated August 1, 2019. The remainder of paragraph 15 asserts plaintiff's characterization of the letter, to which no response is required. To the extent that a response is required, ICE respectfully refers the Court to the letter for a complete and accurate statement of its contents and can provide a copy of it to the Court upon request. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

16. Defendant ICE admits the allegation asserted in paragraph 16 that plaintiffs sent an email to ICE on August 1, 2019. The remainder of paragraph 16 asserts Plaintiffs' characterization of its email, to which no response is required. To the extent that a response is required, ICE respectfully refers the Court to the email for a complete and accurate statement of its contents and can provide a copy of it to the Court upon request. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

17. Defendant ICE admits the allegations contained in paragraph 17 of the Complaint. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

*ICE Talton Ownership FOIA*

18. The allegations in paragraph 13 consists of Plaintiffs' characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant ICE admits that it received a FOIA request from Plaintiffs dated July 23, 2019, and respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

19. Defendant ICE admits that it acknowledged receipt of Plaintiffs' FOIA request by letter dated August 1, 2019, and respectfully refers the Court to that letter for a complete and accurate statement of its contents. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

20. Defendant ICE admits the allegations asserted in paragraph 20. This paragraph does not contain allegations relating to Defendants DHS and DOJ, and as such, no response is required by them.

*DOJ External Communications FOIA*

21. Defendant DOJ admits the allegation in paragraph 21 of the complaint that Plaintiffs submitted a FOIA request to DOJ's Office of Information Policy (OIP) and the Bureau of Prisons (BOP) on July 23, 2019. The remainder of this paragraph consists of Plaintiffs' characterization of its FOIA request to OIP and BOP, to which no response is required. To the extent a response is required, Defendant DOJ respectfully refers the Court to the FOIA request

for a full and accurate statement of its contents. This paragraph does not contain allegations relating to Defendants DHS and ICE, and as such, no response is required by them.

22. Defendant DOJ admits that it acknowledged receipt of Plaintiffs' FOIA request by letter dated July 23, 2019, and respectfully refers the Court to that letter for a complete and accurate statement of its contents. This paragraph does not contain allegations relating to Defendants DHS and ICE, and as such, no response is required by them.

23. Defendant DOJ admits that it acknowledged receipt of Plaintiffs' FOIA request by letter dated August 19, 2019, and respectfully refers the Court to that letter for a complete and accurate statement of its contents. This paragraph does not contain allegations relating to Defendants DHS and ICE, and as such, no response is required by them.

23. Defendant DOJ admits the allegations asserted in paragraph 23. This paragraph does not contain allegations relating to Defendants DHS and ICE and as such, no response is required by them.

24. Defendant DOJ admits the allegations asserted in paragraph 24. This paragraph does not contain allegations relating to Defendants DHS and ICE and as such, no response is required by them.

25. Defendant DOJ admits the allegation asserted in paragraph 25. This paragraph does not contain allegations relating to Defendants ICE and DHS, and as such, no response is required by them.

*Exhaustion of Administrative Remedies*

26. Defendants admit

27. This Paragraph asserts legal conclusions, to which no response is required.

**CLAIM FOR RELIEF**

## COUNT I
### Violation of the FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

28. Defendants reassert and incorporate their responses to Paragraphs 1 through 27.

29. Paragraph 29 asserts a legal conclusion, to which no response is required.

30. Paragraph 30 asserts legal conclusions, to which no response is required.

31. Defendants denies.

32. Paragraph 32 asserts legal conclusions, to which no response is required. To the extent a response is required, denies.

33. Paragraph 33 asserts a request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

34. Defendants reassert and incorporate their responses to Paragraphs 1 through 33.

35. Paragraph 35 asserts a legal conclusion, to which no response is required.

36. Paragraph 36 asserts legal conclusions, to which no response is required.

37. Paragraph 37 asserts legal conclusions and argument, to which no response is required. To the extent a response is required, denies.

38. Paragraph 38 asserts legal and argument, to which no response is required. To the extent a response is required, denies.

39. Paragraph 39 asserts legal conclusions, to which no response is required. To the extent response is required, denies.

40. Paragraph 40 of the Complaint asserts a request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

## REQUESTED RELIEF

41. The remaining paragraph of the Complaint asserts Plaintiffs' requested relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

The Complaint should be dismissed to the extent Plaintiffs failed to exhaust their administrative remedies prior to filing this action.

## SECOND DEFENSE

If documents responsive to Plaintiffs' request exist, such documents, or portions thereof, are exempt from disclosure to the extent provided by applicable FOIA exemptions, 5 U.S.C. § 552(b).

## THIRD DEFENSE

Plaintiffs are not entitled to a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

## FOURTH DEFENSE

Plaintiffs are not entitled to attorney fees or costs under 5 U.S.C. § 552(a)(4)(E).

**FIFTH DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

**SIXTH DEFENSE**

Plaintiff's FOIA request does not reasonably describe the records sought.

**SEVENTH DEFENSE**

Some or all of the requested records are not, or may not be, agency records subject to FOIA. 5 U.S.C. § 552(a)(4)(B).

**EIGHT DEFENSE**

There is no provision of the FOIA for obtaining declaratory relief.

**NINTHTH DEFENSE**

Defendants may have additional defenses which are not known at this time but which may become known through further proceedings. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the court of litigation. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated:   May 11, 2020
         New York, New York

                        Respectfully submitted,

                        GEOFFREY S. BERMAN
                        United States Attorney for the
                        Southern District of New York
                        *Attorney for Defendants*

By:     /s/Kirti Vaidya Reddy
        KIRTI VAIDYA REDDY
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2751
        E-mail: Kirti.reddy@usdoj.gov